**Office of Disciplinary Counsel v. McDaniel**

Disciplinary Board Docket no. 30 D.B. 1998.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

McLAUGHLIN, *Member,* February 22, 2005—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition for discipline.

## I. HISTORY OF PROCEEDINGS

On November 3, 2003, Office of Disciplinary Counsel filed a petition for discipline against respondent, Kirk Allen McDaniel. The petition charged respondent with violation of Pa.R.D.E. 203(b)(1) and Rule of Professional Conduct 8.4(b) based on his military conviction of false swearing, unauthorized absence and cocaine use. Respondent filed an answer to petition for discipline on December 18, 2003.

A disciplinary hearing was held on April 28, 2004, before Hearing Committee 3.07, comprised of Chair David W. Reager, Esquire, and Members Richard W. Stevenson, Esquire, and Daniel J. Distasio Jr., Esquire. Respondent appeared pro se.

Following the submission of briefs by the parties, the committee filed a report on October 6, 2004, and recommended a suspension for one year and one day.

Respondent filed a brief on exceptions on October 19, 2004. Petitioner filed a brief opposing respondent's exceptions on October 28, 2004.

This matter was adjudicated by the Disciplinary Board at the meeting of January 19, 2004.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 1400, 200 North Third Street, Harrisburg, Pennsylvania 17101, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, Kirk Allen McDaniel, was born in 1963 and was admitted to practice law in the Commonwealth of Pennsylvania in 1991. He resides at 879 William Boulevard, Apartment 10-F, Ridgeland, Mississippi, 39157. He is subject to the disciplinary jurisdiction of the Disciplinary Board of the Supreme Court.

(3) Respondent has no history of discipline.

(4) At all times relevant hereto, respondent was a captain on active duty in the United States Marine Corps, serving as a judge advocate.

(5) During September 1995, respondent was serving as senior trial counsel at the Marine Corps Air Station in Cherry Point, North Carolina.

(6) In September 1995, a non-judicial punishment proceeding before the base commanding general occurred

in connection with First Lieutenant Curtis Hargrett, a friend of respondent.

(7) Despite his prosecutorial role as senior/chief trial counsel, respondent provided written advice to First Lieutenant Hargrett in connection with the proceeding.

(8) On March 22, 1996, First Lieutenant Hargrett's case was heard by the Board of Inquiry, convened for the purpose of determining whether he should be discharged from the Marine Corps. During this proceeding, First Lieutenant Hargrett testified that he had received written advice from respondent.

(9) When called to the witness stand, respondent improperly, under oath, denied having provided such written advice. Respondent did so knowing his statement was false.

(10) In September 1996, respondent attended the Army Judge Advocate General's School in Charlottesville, Virginia for the purpose of attending graduate school in military law.

(11) On the weekend of Friday, September 14, 1996, respondent traveled to New York City, on leave to visit family members. Respondent failed to return to Charlottesville in a timely manner. He did not return until Wednesday, September 19, 1996. The next morning, he was required to submit to urinalysis based upon his command's policy requiring a urinalysis examination of personnel returning from an unauthorized absence.

(12) Respondent's urine tested positive for cocaine.

(13) On April 18, 1997, respondent was charged with a violation of article 86 of the Uniform Code of Military Justice (unauthorized absence), a violation of article 112(a) of the Uniform Code of Military Justice (cocaine

use), and a violation of article 134 of the Uniform Code of Military Justice (false swearing).

(14) All of the foregoing charges resulted in the commencement of a general court martial, which was conducted on various dates during August and September of 1997.

(15) During these proceedings, which concluded on September 4, 1997, respondent entered a plea of guilty to the false swearing and unauthorized absence charges, but pleaded not guilty to the cocaine use charge. Subsequently, respondent was found guilty of the cocaine use charge during the course of the court martial proceeding.

(16) Respondent was sentenced to a period of 15 months confinement, forfeiture of all pay and allowances, and dismissal from military service. The confinement portion of his sentence was subsequently suspended pursuant to a pretrial agreement.

(17) Respondent was dismissed from the Marine Corps in 1997.

(18) In early 1998, respondent was the subject of an ethics investigation by the United States Marine Corps' judge advocate's office based on his misconduct.

(19) The investigation concluded with findings that respondent had committed multiple violations of the Rules of Professional Conduct, and as a result, respondent's certification to perform legal functions as a military officer was revoked.

(20) By order dated March 25, 1998, the matter was referred to the Disciplinary Board pursuant to Rule 214(f)(i).

(21) Respondent pursued a direct appeal of his case, which was finally exhausted in the spring of 2003.

(22) Respondent has not practiced law since 1997. He is currently employed by GE Power Systems as a contracts performance manager.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the following Rules of Professional Conduct:

(1) Respondent's military convictions constitute an independent basis for discipline pursuant to Pa.R.D.E. 203(b)(1).

(2) R.P.C. 8.4(b)—It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.

## IV. DISCUSSION

This matter is before the board on a petition for discipline charging respondent with ethical misconduct arising from his military convictions of unauthorized absence, false swearing and cocaine use. These convictions constitute serious crimes as defined by Pa.R.D.E. 214(i), in that the penalty provisions under the Uniform Code of Military Justice provide for imprisonment for more than one year.

The record demonstrates that while serving as a senior trial counsel for the Marine Corps, and while engaged in a prosecutorial role, respondent wrote a letter on behalf of a junior officer in connection with that officer's non-judicial punishment proceeding. Subsequently, in a different proceeding, respondent denied under oath that he had provided such written advice.

The record further demonstrates that respondent traveled to New York City on leave and failed to return to

his base on time. He was subjected to a urinalysis pursuant to military policy and tested positive for cocaine.

Accordingly, the issue before the board is the appropriate level of discipline. The board considers respondent's misconduct to be serious, especially as he lied under oath during a military proceeding, at a time when he was a trial counsel for the government. Respondent's actions raise concerns as to his fitness to practice law. The board is persuaded that a suspension of one year and one day is warranted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that the respondent, Kirk Allen McDaniel, be suspended from the practice of law for a period of one year and one day.

It is further recommended that the expenses incurred in the investigation and prosecution of this matter are to be paid by the respondent.

## ORDER

And now, May 11, 2005, upon consideration of the report and recommendations of the Disciplinary Board dated February 22, 2005, it is hereby ordered that Kirk Allen McDaniel be and he is suspended from the bar of this Commonwealth for a period of one year and one day, and he shall comply with all the provisions of Rule 217, Pa.R.D.E.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.